UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:18-CR-31 JD

DONYEA FOWLER

## OPINION AND ORDER

The incarcerated defendant, Donyea Fowler, has moved for the Court to reconsider its denial of his § 2255 petition pursuant to Federal Rule of Civil Procedure 60(b). (DE 136.) Mr. Fowler has also filed a motion seeking a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22. (DE 137.) For the following reasons these motions will be denied.

### A. Background

Mr. Fowler previously filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction on several grounds including legal issues addressed by the Seventh Circuit on his direct appeal and an ineffective assistance of counsel claim against his trial counsel Mr. Skodinski. The Court rejected these arguments and denied his petition. (DE 134.) The ineffective assistance of counsel claim contained several theories including that Mr. Skodinski was ineffective for not raising a Fourth Amendment challenge to police use of Mr. Fowler's real time cell site location information, and an unspecified conflict of interest. (*Id.*)

### B. Legal Standard

Rule 60(b) authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Relief under Rule 60(b) is an extraordinary remedy which should not be lightly granted. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018).

C. Discussion

*(1) Mr. Fowler's Rule 60 motion will be denied*

In Mr. Fowler's Rule 60 motion he reargues two issues previously addressed by the Court in denying his § 2255 petition. Specifically he reargues that his counsel had a conflict of interest, and that police use of his real time cell site location information violated his Fourth Amendment rights. (DE 136 at 1–10.) In this motion Mr. Fowler alleges new facts about Mr. Skodinski's alleged conflict of interest during his trial. These arguments are not an appropriate basis for a Rule 60(b) motion as they were previously rejected or could have been heard during the pendency of the § 2255 petition. *Caisse Nationale*, 90 F.3d at 1270.

The Court begins with Mr. Fowler's Fourth Amendment arguments. In its prior order, the Court thoroughly explained why these claims are factually and legally without merit. (DE 134 at 6–9.) Mr. Fowler's current motion simply rehashes this previously decided issue. As such, the Court will rest on its prior analysis and deny Mr. Fowler's motion on this ground.

Mr. Fowler's ineffective assistance claim is likewise an inappropriate basis for a Rule 60(b) motion. Once again, Mr. Fowler raised this exact argument in his § 2255 petition and the

2

Court fully addressed it in the order denying the petition. (DE 134 at 9–11.) The fact Mr. Fowler has alleged new facts about his interaction with Mr. Skodinski is unavailing. While Mr. Fowler does not specify what specific subsection of Rule 60(b) he intends to invoke, the Court infers he is pursuing relief under Rule 60(b)(2) which allows for relief from judgement when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); *see also Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (holding that a district court may grant Rule 60(b) relief in the six circumstances specified by statute and is within its discretion to deny motions not based on one of those grounds). The Court makes this inference based on the only material distinction between his previous § 2255 motion and the instant motion being the additional factual detail regarding his interactions with Mr. Skodinski. The Court infers that Mr. Fowler is suggesting that these facts are "newly discovered" evidence.

This provision is unavailing to Mr. Fowler, however, as he has not explained to the Court why he could not have previously discovered the facts with reasonable diligence. The new facts Mr. Fowler alleges are all drawn from his personal knowledge, and his personal interactions, with Mr. Skodinski during the course of his representation some four years ago. (*See* DE 136 at 4–7.) There is no discernable reason why Mr. Fowler could not have brought these facts to the Court's attention previously, such as during the briefing of his § 2255 petition.[1]  As such, the Court finds Mr. Fowler is ineligible for relief under Rule 60(b)(2) and the Court would deny his motion on this basis alone.

---

[1] It is also unclear why these facts did not come to light in the course of the pre-trial motion to withdraw Mr. Skodinski filed at Mr. Fowler's request alleging a breakdown in the attorney-client relationship. A motion which the Court ultimately denied. (DE 65.)

In the alternative, even if the Court considered the newly proffered facts, they would not alter the Court's judgment. First, Mr. Fowler newly alleges that Mr. Skodinski, while representing him in an unrelated state court proceeding prior to his federal case, never refunded a $500 "retained fee" which Mr. Fowler had paid him. (DE 136 at 4.) Mr. Fowler alleges this made him "at odds" with Mr. Skodinski. (*Id.*) Second, Mr. Fowler claims he threatened Mr. Skodinski which resulted in Mr. Skodinski making their jail visits non-contact but never informed the Court he had been threatened.[2] (*Id.*)

In order to claim ineffective assistance because of a conflict of interest the defendant must establish (1) that an actual conflict of interest exists and (2) that the conflict adversely affected his lawyer's performance. *United States v. Coscia*, 4 F.4th 454, 475 (7th Cir. 2021). Further, there is a presumption that a lawyer will "'subordinate his pecuniary interests and honor his primary professional responsibility to his clients in the matter at hand.'" *Id.* at 476 (quoting *United States v. Jeffers*, 520 F.2d 1256, 1265 (7th Cir. 1975)).

These new alleged facts do not satisfy the second prong as Mr. Fowler has not explained what Mr. Skodinski would have done differently absent these alleged conflicts of interest. *Coscia*, 4 F.4th at 475 (Adverse effect can be shown by establishing that, but for the attorney's conflict of interest, the attorney's performance somehow would have been different). Therefore Mr. Fowler cannot overcome the presumption that Mr. Skodinski acted in line with his professional duties based on these alleged new facts.

---

[2] Mr. Fowler also alleges he told Mr. Skodinski that he didn't want him to represent him, that he tried to fire Mr. Skodinski and attempted to hire private counsel but none of these events were reported to the Court. This is incorrect. The record reflects that Mr. Fowler was dissatisfied with Mr. Skodinski and was frequently claiming to be in the process of retaining private counsel. (*See* DE 134 n.1, DE 65 (summarizing Mr. Fowler's longstanding dissatisfaction interest in Mr. Skodinski and desire to retain private counsel which never came to pass)).

The Court will also note it is unclear how Mr. Skodinski keeping his "retained fee" from the state court proceeding constitutes a conflict of interest. Mr. Fowler indicated that he terminated Mr. Skodinski from that matter but it is unclear whether Mr. Skodinski was obligated to refund any fees Mr. Fowler had paid him. (DE 134 at 10.) *See e.g. In re Radford*, 746 N.E.2d 977 (Ind. 2001) (noting it is a violation of the Professional Conduct rules to fail to refund *unearned* retainer fees). Additionally, Mr. Fowler has not explained why his alleged threat against Mr. Skodinski constitutes a conflict of interest. While it is conceivable a threat of physical harm could inject considerable animosity into the attorney-client relationship, Mr. Fowler has not actually alleged Mr. Skodinski bore such animosity or offered any evidence that he did. If anything, Mr. Skodinski's continued representation after this alleged threat occurred indicates he did not bear any animosity towards Mr. Fowler and he continued to honor his professional obligations to Mr. Fowler.

Therefore, in the alternative, the Court would deny Mr. Fowler's renewed ineffective assistance arguments on the merits.[3]

### (2) *Mr. Fowler's motion for a certificate of appealability is denied*

Mr. Fowler also filed a motion seeking a certificate of appealability. (DE 137.) In denying Mr. Fowler's § 2255 petition, the Court declined to issue a certificate of appealability. (DE 134 at 16.) Mr. Fowler's current motion offers no reason for the Court to reconsider its prior decision and therefore this motion will be denied for the reasons stated in the previous order. *Id.*

---

[3] The Court also denies Mr. Fowler's request for an evidentiary hearing on his conflict-of-interest claims for the same reasons it denies his Rule 60 motion, namely he has not established an actual conflict of interest existed.

### D.  Conclusion

For the previously stated reasons, Mr. Fowler's Rule 60 motion and his motion for a certificate of appealability will each be DENIED. (DE 136, 137.)

SO ORDERED.

ENTERED: February 16, 2023

                                                    /s/ JON E. DEGUILIO  
                                                  Chief Judge  
                                                  United States District Court